UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRENDA ANDERSON, ET AL** | : | **DOCKET NO. 2:07-cv-1378 (lead)** |
| **VS.** | : | **JUDGE WALTER** |
| **GEORGIA GULF LAKE CHARLES, LLC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### CONSOLIDATED WITH

LA'SHONDA ARVIE, *et al.* NO. 2:07-CV-1380 (MEMBER)
MARY BAKER, *et al.* NO. 2:07-CV-1390 (MEMBER)
LOUIS BELL, *et al.* NO. 2:07-CV-1394 (MEMBER)
IVEARY UPSHAW, *et al.* NO. 2:07-CV-1395 (MEMBER)
KATHERINE DORN, *et al.* NO. 2:07-CV-1397 (MEMBER)
EBONY BELLARD, *et al.* NO. 2:07-CV-1400 (MEMBER)
NATHAN DUGAS, *et al.* NO. 2:07-CV-1663 (MEMBER)
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM RULING AND ORDER

Before the court is a Motion to Strike by all Plaintiffs.  [Doc. 48].  Plaintiffs seek to strike documents and portions of affidavits and deposition testimony of individual defendants in advance of this court's ruling on a pair of motions to remand.  For the reasons described more completely  hereinafter, the Court will DENY the request  to strike portions of the affidavits and deposition testimony, but GRANT the request to strike the documents.

### BACKGROUND

A series of lawsuits was filed in the aftermath of a September 17, 2006 incident at a facility owned by Georgia Gulf Lake Charles, LLC (Georgia Gulf).  Many of these cases were

removed to federal court and most have been consolidated into the above-captioned action. Plaintiffs have filed two separate motions to remand, rulings on which are pending. Plaintiffs subsequently filed their Motion to Strike, arguing that statements offered by individual defendants in affidavits or in deposition testimony are improper, and that certain documents submitted in support of a defendant's deposition testimony are beyond the scope permitted by a previous order of court. In response, Defendants argue that Plaintiffs' motion to strike is procedurally improper, and lacks merit as to both the statements and documents.

## LAW AND ANALYSIS

Fed. R. Civ. P. 12(f) provides that "[u]pon motion made by a party . . . or upon the court's own initiative . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Although affidavits are not pleadings, courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency. *McLaughlin v. Copeland*, 435 F. Supp 513 (D. Md. 1977) (citing *Sunshine Kitchens, Inc. v. Alanthus Corp.*, 66 F.R.D. 15, 17 (S.D. Fla. 1975); *Monroe v. Board of Education*, 65 F.R.D. 641, 647 (D. Conn. 1975). The same rationale applies to deposition testimony. *See Clark v. Tarrant County,* 798 F.2d 736, 747 (5th Cir.1986). As regards the striking of documents at the pretrial stage, this Court has "inherent power to control the disposition of the causes on its docket," *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (internal quotation omitted); *Gilleland v. Schanhals*, 55 Fed. Appx. 257, 260 (6th Cir.2003) (explaining that a district court "may use its inherent power to manage its docket to strike documents"). Thus, Plaintiffs' motion is procedurally sound and the Court must reach the merits of Plaintiffs' arguments.

*Affidavits and Testimony*

Plaintiffs object to the contents of and inferences drawn from portions of the affidavits and deposition testimony of the individual defendants. The admissibility of such evidence is governed by the Federal Rules of Evidence. The Rules' bias in favor of admissibility is reflected in Fed. R. Evid. 402, which states "All relevant evidence is admissible." Fed. R. Evid. 602 requires that a witness have "personal knowledge" about that to which he testifies. Most important, preliminary questions about the admissibility of evidence are delegated to the discretion of the court by Fed. R. Evid. 103.

Plaintiffs take issue with much of the individual defendants' affidavit and deposition testimony. For example, Plaintiffs fault the individual defendants' affidavits for asserting that the individuals had "no knowledge" of certain events or conditions. While conceding that defendants' statements are "technically correct," Plaintiffs argue that the implications of such statements are misleading. In addition, Plaintiffs decry Defendants' counsel's use of cross-examination at deposition to elicit testimony that characterizes individual job duties as "general administrative responsibilities" because Plaintiffs contend that this phrase is a term of art and a legal conclusion.

As to Plaintiffs' insistence that it is somehow improper for an individual to assert that he has "no knowledge" of events or conditions inquired into, the Court finds both the questions and responses eminently reasonable. And, while the concept of "general administrative responsibilities" may be relevant to certain legal analyses, the phrase in and of itself is a term in common usage and within the ken of laymen. Furthermore, Plaintiffs' counsel took full advantage of the opportunity to question the deponents about their sudden and unanimous

3

embrace of the term.  In short, Plaintiffs' objections go to the weight, not admissibility, of the challenged portions of the affidavits and testimony.  The Court finds that all challenged statements constitute matters about which the individuals who made them were competent to testify.  The proper inferences to be drawn therefrom are a question for the finder of fact and will not now be stricken.

*Merits Evidence*

In support of statements by defendant Mark Jakel, Defendants submitted records pertaining to the pre-incident operation of the Georgia Gulf furnaces. [Doc. 48, Ex. I].  Plaintiffs contend that these documents constitute inadmissible merits evidence prohibited by this Court's minute entry of October 12, 2007, which struck requests for production 11, 19, 20, 22, & 23 as being outside the scope of discovery necessary to decide the motions to remand.   Defendants contend that the documents are not evidence that go to the merits of its case but are instead offered only  to disprove Plaintiffs' remand allegations and to identify facts that would preclude recovery against the individual defendants.  The requests for production in question seek, *inter alia*, copies of Georgia Gulf production reports, process safety reviews, training guidelines, and information about operating parameters for the furnace that allegedly malfunctioned.  The documents submitted in support of Jakel's testimony include "Furnace Decoking Logs" and related material. Having reviewed the minute entry, the Court concludes that the challenged documents do indeed fall within the scope of "Request for Production 19" and should therefore be stricken as immaterial to the question of remand.

Accordingly,

IT IS ORDERED that the Motion to Strike be DENIED IN PART as to the challenged

4

portions of the affidavits and deposition testimony of defendants.

IT IS FURTHER ORDERED that the Motion to Strike be GRANTED IN PART and that the documents submitted in support of defendant Mark Jakel's deposition testimony [Doc. 48, Ex. I] be and are hereby STRICKEN.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of April, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE